# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 3828 | DATE | 1/23/2013 |
| CASE TITLE | Armstrong, et al. Vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

This Court having considered the submissions of the parties and heard oral argument on defendant City of Chicago's Motion to Dismiss the Complaint [Dkt. No. 21], grants the motion with prejudice and dismisses plaintiffs' Complaint in its entirety for the reasons stated herein. All pending motions are hereby stricken as moot.

■[ For further details see text below.] Notices mailed by Judicial staff.

## STATEMENT

**Background**

Plaintiffs, John G. Armstrong and Kaylan J. Armstrong, filed a 10 Count pro se Complaint alleging various violations, primarily based on the issuance of so-called "flying tickets" that resulted in the booting and impounding of plaintiffs' car, a 1999 Cadillac jointly owned by the plaintiffs, and the loss of John Armstrong's chauffeur license. More specifically, plaintiffs allege that the City of Chicago and the Department of Administrative Hearings' procedures for adjudicating unpaid traffic tickets violated the Fourth and Fourteenth Amendments as well as 42 U.S.C. § 1985, the RICO statute, 18 U.S.C. § 983(a)(3), and the Fair Debt Collection Practices Act, because plaintiffs did not receive adequate notice of the infractions prior to adjudication. Plaintiffs further assert that the tickets were wrongfully issued to John Armstrong, rather than the taxi company, and that they were sent to the wrong address. Plaintiffs also seek class certification. Plaintiffs previously challenged the tickets at issue in state administrative proceedings and on administrative review in the Circuit Court of Cook County.

**Judicial Notice**

**STATEMENT**

Attached to the City's motion is the record of plaintiffs' Circuit Court challenge and the administrative record relating to the booting and towing of plaintiffs' vehicle. This Court can take judicial notice of the State court record without converting the motion to dismiss into a motion for summary judgment. *See Ennenga v. Starns*, 677 F.3d 766, 773-774 (7th Cir. 2012) (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). "A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Id.* at 774. Therefore, this Court takes judicial notice of the record from the Circuit Court of Cook County and the Department of Administrative Hearing, including the specification of errors that plaintiffs submitted to the Circuit Court in which they challenged the constitutionality of the DOAH determination, including lack of notice and lack of adequate hearing, and the Circuit Court's decision affirming the DOAH determination and the Court's findings that plaintiffs were delinquent on paying the tickets underlying the impoundment and that constituted a debt due and owing to the City of Chicago. The Administrative Record, which the Circuit Court had for its review, showed that plaintiffs had more than thirty outstanding parking tickets from late 2006 to early 2012.

**Motion to Dismiss: Legal Standard**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint and not the merits of the allegations. When ruling on a motion to dismiss, courts accept all well-pleaded allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (7th Cir. 2004), and draw all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007). Federal Rule of Civil Procedure 8(a) does not require the plaintiff to plead particularized facts, but the factual allegations in the complaint must be enough to raise a plausible right to relief above the speculative level. *See Arnett v. Webster,* 658 F. 742, 751-52 (7th Cir. 2011).

**Discussion**

**STATEMENT**

First, the individual defendants should be dismissed with prejudice. All the allegations against the City Comptroller (Amer Ahad) and the Commissioner of the City's Department of Business and Consumer Affairs (Rosemary Krimbel) concern the operations of their respective departments are do not contain any actions personally taken by either Ahad or Krimbel. Lawsuits against individuals in their official capacities are suits against the agency. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). The City is named in the complaint and an official capacity suit is tantamount to a claim against the government. Thus, Ahad and Krimbel can be dismissed without otherwise impacting plaintiffs' lawsuit.

Next, the City moves to dismiss the Complaint with prejudice for the following reasons: (1) plaintiffs' claims regarding the tickets and booting/impounding of plaintiffs' Cadillac are barred by res judicata; (2) plaintiffs' license renewal claim is barred by collateral estoppel; (3) plaintiffs' constitutional and statutory claims based on the tickets are time-barred, including claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, RICO, Fair Debt Collection Practices Act; and (4) even if plaintiffs could overcome those hurdles, the Complaint fails to state a claim for relief.

Before addressing defendant's arguments directly, this Court notes several facts at the root of plaintiffs' claims. The administrative record indicates that notices were sent to 2313 E. 71st Street, Chicago, Illinois, and 400 Park Avenue, #718, Calumet City, Illinois. Plaintiffs do not dispute that notices were sent these addresses. Instead, plaintiffs contend that neither address was one where John Armstrong received mail. Yet, the record shows that John Armstrong provided 2313 E. 71st Street as his address in his filings in the state court proceedings and that most of the ticket notices were sent to that address. The record also contains an affidavit from Kaylan Armstrong stating that he mistakenly provided the 400 Park Avenue address at the October 17, 2011, Department of Administrative Review Hearing. (Dkt. No. 21-2) Attached to the Complaint is an affidavit of the owner of the storage facility where the plaintiffs kept the Cadillac. The address of the storage facility owner is 400 Park Avenue, #718, Calumet City, Illinois. It is the responsibility of the vehicle

owner to provide the Secretary of State with accurate and current registration information. *See* 625 ILCS 5/3-416. Therefore, plaintiffs cannot claim inadequate notice on this basis.

Moreover, through a series of cases over the years, the Seventh Circuit has upheld the City of Chicago's adjudication of parking and traffic violations. *See Van Harken v. City of Chicago,* 103 F.3d 1346 (7th Cir. 1997)(parking tickets); *Idris v. City of Chicago,* 552 F.3d 564 (7th Cir. 2008)(red light camera tickets); *Horn v. City of Chicago,* 860 F.2d 700 (7th Cir. 1998)(demand notices); *Saukstelis v. Chicago*, 932 F.2d 1171, 1173 (7th Cir. 1991) (internal citations omitted) (While addressing booting procedures, the court stated, "Mail to the registered owner of the car, at the address in the state's files -- an address the owner is supposed to keep current -- is reasonably calculated to produce actual knowledge."); *see also Sutton v. City of Milwaukee*, 672 F.2d 644 (7th Cir. 1982)(similar statute for towing cars). Plaintiffs also admit in their complaint that they received an impoundment notice on the vehicle on October 13, 2011, and that there was a hearing the same day it was impounded. Notice and a prompt post-impoundment hearing is all that due process requires. *Holstein v. City of Chicago,* 29 F.3d 1145, 1148-49 (7th Cir. 1994).

Even if these facts did not preclude plaintiffs' claims alleging inadequate notice of the tickets that resulted in booting and impounding of the vehicle, and denial of John Armstrong's renewal application for a chauffeur's license, the doctrines of res judicata and collateral estoppel prevent this Court from rehearing claims and issues that were or could have been brought before the Circuit Court of Cook County in the prior state proceeding.

In *Kremer v. Chemical Construction Corp*., the Supreme Court held that full faith and credit, 28 U.S.C. § 1738, applies to state-court judgments entered in proceedings to review a state administrative agency. 456 U.S. 461, 481, 72 L. Ed. 2d 262, 102 S. Ct. 1883 (1982). Under Illinois law, in order for res judicata to apply to the circuit court's previous affirmance of an agency decision must: (1) have reached a final judgment on the merits; (2) involve the same parties or their privies as the current claims; and (3) constitute the same cause of action as the current claims. *Garcia v. Vill. of Mt. Prospect*, 360 F.3d 630, 635

(7th Cir. 2004).

Here, the Circuit Court reviewed and affirmed the DOAH determination, which is a final decision on the merits. The parties in each action are identical – John and Kaylan Armstrong pursued their grievances over the tickets, booting and impounding of their Cadillac against the City of Chicago. Lastly, the claims being advanced are the substantially the same (inadequate notice and hearing), though plaintiffs add new claims to the instant law suit. Therefore, plaintiffs' claims regarding the issuance of the tickets, booting, and impounding of their Cadillac are barred by res judicata.

"As a corollary to the transactional rule, Illinois adopted the doctrine of merger and bar which precludes the sequential pursuit not only of claims actually litigated, but of those that could have been litigated." *Garcia*, 360 F.3d at 635. Thus, so long as plaintiffs could have joined their federal claims with the administrative appeal of the DOAH decision, then they had a full and fair opportunity to litigate those claims under Illinois law. None of plaintiffs' claims are based on any subsequent occurrences, but are all based on the same ticketing, booting, and towing. Therefore, there is no reason why he could not have brought his additional claims in that proceeding. All claims in this case could have been brought in the state court proceeding and should be barred by res judicata.

The doctrine of collateral estoppel bars re-litigation of an issue already decided. "Once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." *United States v. Mendoza*, 464 U.S. 154, 158 (1984). Collateral estoppel is similar to res judicata but bars relitigation of an *issue,* if: (1) the same issues were litigated in the prior litigation as in the present case; (2) there is a final judgment on the merits in the prior case; and (3) the party, or a person in privity, is the same in both cases. *Brown v. City of Chicago,* 599 F.3d 772, 774 (7th Cir. 2010).

Here, the parties are the same and a final judgment was reached by the Circuit Court of Cook County. Moreover, the same issues of notice and adequate hearing were litigated twice in the Circuit Court. That

**STATEMENT**

court found that the unpaid tickets constituted a debt owed to the City. In order to find the tickets were a debt owed, the court had to find the tickets were valid. Since Armstrong is not entitled to renewal of his chauffeur's license if he owes a debt to the City, then Armstrong should be estopped from raising that issue. The validity of the tickets and the jurisdiction of the proceedings have been found valid in a prior proceeding. Additionally, the *Rooker-Feldman* doctrine prohibits this Court from reviewing the state court decision affirming the DOAH decision. *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 509 (7th Cir. 1996); *see also Johnson v. Lockyer*, et al, 115 Fed. Appx. 895, 896 (7th Cir. 2004).

With respect to the remaining allegations made by plaintiffs, they lack the factual basis to bring them above the speculative level. The conclusory allegations that more African American taxi drivers are ticketed than other ethnic groups and that the City of Chicago's issuance of flying-tickets is tantamount to racketeering in violation of RICO are insufficient to withstand a motion to dismiss (even if these claims were not barred by res judicata). Similarly, there are no allegations in the complaint to suggest harassment or abuse in violation of Fair Debt Collections Practices Act, and the City and its agents are not debt collectors that trigger the Act. *See* 15 U.S.C. § 1692a(1)©. Accordingly, this Court grants the City of Chicago's Motion to Dismiss with prejudice.